Newman, J.
The motion of defendant in error demanding a jury of twelve men was overruled by the municipal court for the reason that he refused to secure in advance the costs of summoning the jurors and their fees. Authority for such action on the part of that court is found in Section 1579-61, General Code, being Section 16 of the Dayton municipal court act (103 Ohio Laws, 390), as follows : “In all civil actions and proceedings the cost of summoning jurors and the fees of jurors shall be taxed as part of the costs, and such costs must be secured in advance by the party demanding jury.” This section was held unconstitutional by the court of appeals. The defendant in error contending for *108 the correctness of that holding insists that Section 1579-61 is repugnant to Section 5, Article I of the Constitution, which guarantees the right of trial by jury, and also to Section 26, Article II, which provides that all laws, of a general nature, shall have a uniform operation throughout the state.
Section 1579-60, the section preceding the one in question here, is as follows: “All causes, both civil and otherwise, in the municipal court shall be tried to the court unless, before the court shall proceed to inquire into the merits of the cause, a jury shall be demanded in writing by either party to the action. In all civil actions where a jury shall be demanded, it shall be composed of six men, having qualifications of electors, unless the parties agree on a less number. Provided, however, that any party may demand a jury of twelve men by specifying that number in said written demand. In all civil actions if not less than three-fourths of the members composing the jury for the trial of a case, shall agree upon a verdict, the same shall be rendered and have the same force and effect as if the verdict had been agreed upon and rendered by the jury unanimously. In all actions and proceedings of which police courts in cities have or may hereafter be given jurisdiction, where a jury may be and is demanded, it shall be composed of twelve men having the qualifications of electors.”
It is to be observed that this section provides for a jury composed of twelve men, such a jury as was contemplated by the framers of the constitution. But it is the contention of defendant in error that Section 1579-61, supra, requiring the cost of *109 summoning jurors and their fees to be secured in advance by the party demanding the jury, amounts to an impairment of the right of trial by jury within the meaning of the constitution, and is therefore invalid.
In Reckner, etc., v. Warner, 22 Ohio St., 275, it was provided in the legislation, the validity of which was challenged in that case, that the assessment of damages should be made by three disinterested freeholders of the county, and it was claimed that Section 19, Article I of the Constitution, was nullified, in that there was no provision for an assessment by a jury in the first instance. The court held that inasmuch as the act provided for an appeal to a court where a constitutional jury could be had such legislation was preserved from constitutional infirmity, upon the authority of Norton v. McLeary, 8 Ohio St., 205. In the Norton case, the question of the constitutionality of an act extending the jurisdiction of justices of the peace in civil cases was questioned upon the ground that it made no provision for the trial, by a jury of twelve men, of actions commenced in virtue of such extended jurisdiction, the court holding that the act was not in conflict with the constitutional guarantee of a trial by jury because it provided for an appeal from the justice of the peace to the court of common pleas where either party might secure the full benefit of a trial by jury.
But it was also claimed in the Reckner case that even if the legislation there under consideration was not open to the objection that it contravened the provisions of Section 19, Article I, yet the bond *110 or undertaking required of the appellant to secure all costs that might be assessed against him was an unauthorized condition and burden imposed upon his constitutional right to a trial, or assessment of compensation, by a jury. This contention was not • sustained by the court, the court being of the opinion that the requirement of an appeal bond conditioned for the payment of the costs adjudged against the appellant was a moderate and reasonable restriction upon the enjoyment of the right of trial by jury and was not an impairment of the right itself, within the meaning of the constitution.
By parity of reasoning the condition imposed in the instant case by Section 1579-61, requiring the cost of summoning jurors and the fees of jurors to be secured in advance by the party demanding the jury, is likewise but a moderate and reasonable restriction upon the enjoyment”of the right of a trial by jury and is not an impairment of that right.
In Silberman et al. v. Hay, 59 Ohio St., 582, it was held: “1. The right of trial by jury is a subject-matter of general legislation, and laws affecting it must be uniform in operation throughout the state. Section 26, Art. 2, Const. 2. A statute, by the provisions of which the parties to a suit in which the issues are of right triable by jury are ‘deemed’ to have waived the right, unless a certain time before the term at which the issues are, by the laws of the state, required to be made up, a demand is made for a jury, attended with a ‘deposit’ of a certain sum of money for the benefit of the jury fund, affects the right of trial by jury, and must be uniform in its operation.' The Cuyahoga County *111 Jury Law adopted May 29, 1894, (91 Laws, 793), is, in substance, such a law; and being limited in its operation to Cuyahoga county, is invalid.”
In deciding that the Cuyahoga county jury law affected the right of trial by jury, the court could not have meant to hold that this right was affected in the sense that it was impaired and the law thereby rendered invalid, for the inference to be drawn from the second paragraph of the syllabus is that had the law not been limited in its operation to Cuyahoga county it would have been preserved from constitutional infirmity. The law was declared invalid because of lack of uniformity in its operation. In the instant case, the court of appeals, in declaring the section under consideration unconstitutional, held that special or local acts could not be employed to create special or local limitations upon the right of trial by jury. It based its decision on the Silbermcm case. But the syllabus in that case, as in all cases, must be construed with reference to the facts presented by the record. The court was dealing with a law relating to a jury in the court of common pleas, a court created by the constitution, and what was decided there should be limited in its application to such courts and not extended so as to apply to statutory courts. This is consistent with the holding in State, ex rel. Atty. Gen., v. Bloch, 65 Ohio St., 370, decided two years later, the court at that time being composed practically of the same members as constituted it when the Silberman case was decided.
In the Bloch case an act establishing an insolvency court in the city of Cleveland was held consti *112 tutional and valid. The act in question was local in its operation and had to do with the establishment of a court, concededly a subject of a general nature. It was urged that legislation upon such a subject, not available and operative alike in all parts of the state, is prohibited by Section 26, Article II of the Constitution, requiring uniformity in operation throughout the state of laws of a general nature. But it was held that Section 1, Article IV of the Constitution, authorizing the establishment by the general assembly of inferior courts, was a special grant of legislative power upon a particular subject, which itself prescribed the rule for the government of the legislative body in the exercise of that power. As was said in that case, the general assembly is vested with full power to determine what courts inferior to the court of appeals it will establish, local if deemed proper, either for separate counties or cities, and to define their jurisdiction and power, and in the enactment of laws relating thereto is not subject to the limitation imposed upon the legislative power in requiring all laws of a general nature to have uniform operation throughout the state. The Bloch case was approved in State, ex rel. Fox, v. Yeatman et al., 89 Ohio St., 44, and In re Hesse, 93 Ohio St., 230.
The general assembly established a municipal court for the city of Dayton and defined its jurisdiction and power. It is a local court established to meet the needs and conditions of that city. The law establishing this court and defining its jurisdiction and power is designedly and authoritatively local in its operation, and the question of the uni *113 formity of its operation throughout the state cannot arise. As a part of this law Section 1579-61, relating to a trial by jury, a part of the machinery of the court, was enacted. Its requirement, as we have said, is but a moderate and reasonable restriction upon the enjoyment of the right of trial by jury and does not amount to an impairment of that right. There can be no valid constitutional objection upon that ground. The-fact that its provisions are local in their operation does not invalidate the section, as the law was enacted under a special grant of legislative power and may stand against the provisions of Section 26, Article II of the Constitution, requiring uniformity in operation throughout the state of laws of a general nature.

Judgment of the court of appeals reversed and that of the. court of common pleas affirmed.

Nichols, C. J., Wanamaker, Jones, Matthias and Johnson, JJ., concur.